UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE DILORENZO CARDOSO,

    Plaintiff,

v.                                           Case No: 8:23-cv-879-KKM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves the court to award her attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Motion, Dkt. 14.) For the following reasons, the court recommends that the Motion be granted.

## BACKGROUND

Plaintiff filed a complaint seeking review of the denial of her claims for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On July 18, 2023, the court granted the Commissioner's Unopposed Motion for Entry of Judgment with Remand (Dkt. 10) and remanded Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Dkts. 11, 12.) The Clerk of Court thereafter entered judgment in Plaintiff's favor. (Dkt. 13.) Plaintiff now moves for an award of attorney's fees pursuant to the EAJA, as the prevailing party in this action. (Dkt. 14.) In the Motion, Plaintiff seeks fees for work performed by her counsel, J. Christopher Deem. (*Id.*) The Commissioner does not oppose Plaintiff's request. (*Id.*)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a sentence-four remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the court recommends that Plaintiff is entitled to an award of attorney's fees. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand following her successful appeal. *Schaefer*, 509 U.S. at 296–97, 302. Second, the Commissioner does not dispute the timeliness of Plaintiff's Motion. (Dkt. 10.) Third, there is no indication that Plaintiff is excluded from eligibility for an award and Plaintiff has submitted a statement of her net worth that complies with the EAJA. (Dkt. 14-1.) Fourth, the Commissioner's position was not substantially justified, and the Commissioner does not dispute this issue. *See* (Dkt. 10.) Finally, the undersigned does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

Nevertheless, under the EAJA, attorneys are only entitled to an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original; internal quotations omitted). Thus, fee applicants "must exercise what the Supreme Court has termed 'billing judgment'" and must "exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours].'" *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (alteration in original) (quoting *Hensley*, 461

U.S. at 434). The Eleventh Circuit further instructs that "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Id.*; *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience.") (citation omitted); *see also Porco v. Comm'r of Soc. Sec.*, No. 2:21-cv-32-JLB-NPM, 2022 WL 394394, at *1 (M.D. Fla. Feb. 9, 2022) (finding that "the Magistrate Judge did not err in sua sponte recommending that the requested attorney time be reduced").

In this case, Plaintiff seeks an award of fees for 7.4 hours of work expended by her counsel, Attorney Deem, in 2023. (Dkt. 14.) In support, Plaintiff submits an itemization of time expended by Attorney Deem on this matter. (*Id.* at 10–11.) Upon consideration, the court recommends that the hours expended by Attorney Deem are reasonable and that no reduction in hours is warranted. Additionally, Plaintiff requests that the hourly rate of the fees awarded reflect an increase in the cost of living. (Dkt. 14.) Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Here, Plaintiff requests an hourly rate of $243.16 per hour based on cost of living increases according to the Consumer Price Index (CPI). (Dkt. 14.) The Commissioner does not oppose Plaintiff's requested rates. (Dkt. 10.)

Upon consideration, the court finds the requested rates to be in line with the prevailing market rates in the legal community for similar services provided by attorneys of comparable skill, experience, and reputation. *Norman*, 836 F.2d at 1299. Further, the court finds that cost of living adjustments justify rates above the $125 per hour statutory rate in accordance with the Bureau of Labor Statistics CPI. *See Donnelly v. Saul*, No. 8:20-cv-614-CPT, 2021 WL 1737448, at *3 (M.D. Fla. May 3, 2021) (relying on CPI to find that a deviation from EAJA statutory rate is justified). Accordingly, the undersigned recommends that Plaintiff is entitled to the requested rates under the EAJA. *See Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (explaining two-step analysis for court to award EAJA fees in excess of statutory rate).

Finally, Plaintiff requests that the fee award be paid directly to Attorney Deem. (Dkt. 14.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff represents that she has assigned the EAJA award to Attorney Deem. (Dkt. 14-1.) Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff. Plaintiff also seeks $402.00 in related filing fee costs. (Dkt. 14.) "Generally speaking, the prevailing party is entitled to recover costs of litigation." *Harrison v. Belk, Inc.*, No. 1:15-cv-03743-TCB, 2018 WL 10589, at *709. (11th Cir. Oct. 26, 2018); *De Santis v. Berryhill*, No. 18-81107-Civ-Brannon, 2019 WL 11505322, at *2

(S.D. Fla. Nov. 22, 2019) ("Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute.").

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Unopposed Motion for Award of Attorney Fees and Costs Pursuant to The Equal Access to Justice Act (Dkt. 14) be **GRANTED**.

2. Plaintiff be awarded attorney's fees in the amount of $1,799.38 pursuant to the EAJA and filing fee costs in the amount of $402.00.

3. The award of fees be payable directly to Attorney Deem if it is determined that Plaintiff does not owe a debt to the government.

**REPORTED** in Tampa, Florida, on November 7, 2023.

## NOTICE TO PARTIES

A party has 14 days after being served with this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record